# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

HICA Education Loan Corporation,                                    Civil No. 12-1515 DWF/AJB

                           Plaintiff,                                    <u>**ORDER**</u>
                                                                 <u>**AND REPORT**</u>
v.                                                    <u>**AND RECOMMENDATION ON**</u>
                                                    <u>**DEFENDANT'S MOTION TO DISMISS**</u>

Anthony Battaglia,

                         Defendant.

      Ronald E. Seanor, Esq., on behalf of plaintiff HICA Education Loan Corporation;

      Anthony Battaglia, pro se defendant.

      This action is before the court, Chief Magistrate Judge Arthur J. Boylan, on defendant Anthony Battaglia's Motion to Dismiss [Docket No. 3] and plaintiff HICA Education Loan Corporation's ("HICA") Motion for Judgment on the Pleadings under Rule 12(c) [Docket No. 8]. Hearing on the motions was held on October 17, 2012, at the United States Courthouse, 316 No. Robert Street, St. Paul, Minnesota 55101. The case has been referred to the magistrate judge for report and recommendation under 28 U.S.C. §636(b)(1). It is the court's determination that defendant Anthony Battaglia's Motion to Dismiss should be denied. The court also Orders herein that defendant serve and file an answer to the complaint. Plaintiff's Motion for Judgment on the Pleadings remains under advisement.

## Pleadings and Claims

      Plaintiff HICA commenced this action on July 7, 2012, by personal service of a summons and complaint seeking recovery on a student loan. The complaint alleges that the plaintiff lawfully held the underlying promissory note and that defendant Battaglia was in default

on the note by failing to make timely payments. Defendant did not answer the complaint but rather responded to the pleading by filing and serving a motion to dismiss the action. The motion simply states that defendant seeks dismissal because "[t]he case is no longer necessary," and "Anthony S. Battaglia has requested consolidation of his two student loans. Payments will resume when the consolidation loan is approved and the exact amount of payment is known."[1] Plaintiff opposes the motion to dismiss and responded generally by asserting that the motion merely consists of a conclusory allegation that is not supported by evidence and is not premised upon grounds provided under Fed. R. Civ. P. 12(b). Defendant did not submit a memorandum in support of his motion, but stated at hearing that the indicated loan consolidation had not occurred, and though he still desired to obtain such consolidation, he had been advised that it could not be accomplished in time to foreclose this litigation. Defendant further stated his desire and intent to serve an answer to the complaint in the event his motion to dismiss was denied.

Meanwhile, plaintiff moved for judgment on the pleadings. In so moving the plaintiff argues that defendant has failed to state any defense(s) to the claims against him and has failed to admit or deny the allegations in the complaint as required under Fed. R. Civ. P. (B)(1), and Rule 12(c) allows a motion for judgment on the pleadings after the pleadings are closed. Plaintiff further contends that the complaint states the necessary factual elements of its claim on the note, and in the absence of a pleading that would establish any genuine issues of fact, plaintiff is entitled to judgment for the stated amount,[2] which is not contested.

---

[1] Motion to Dismiss [Docket No. 3].

[2] The unpaid amount of the note is $47,978.80, plus accruing interest, including post-judgment interest.

**Discussion**

Fed. R. Civ. P. 12(c) allows a motion for judgment on the pleadings after the pleadings are closed. Rule 7(a) identifies permissible 'pleadings' to include specifically described documents, including (1) a complaint; (2) an answer to a complaint; (3) an answer to a designated counterclaim; (4) an answer to a crossclaim; (5) a third-party complaint; (6) an answer to a third-party complaint; and (7) a reply. Rule 7(b) describes a 'motion' as a request for a court order which (A) must be in writing unless made during a hearing or trial; (B) state with particularity the grounds for seeking the order; and (C) state the relief sought.

Defendant Battaglia's motion to dismiss was in writing, it asserted anticipated consolidation, i.e. resolution or settlement, as grounds for dismissal; and it requests dismissal of the complaint. Though certainly minimal, the motion satisfied the Rule 7(b) requirement for a motion. Nonetheless, the defendant merely states allegations and fails to put forth any argument or supporting evidence to establish grounds for dismissal of the complaint under Rule 12(b). Therefore, his motion to dismiss should be denied.

However, the court does not conclude that the motion to dismiss should be construed as an inadequate answer, i.e. responsive pleading, or that the motion should procedurally preclude him from answering the complaint upon failure of the motion to dismiss. In light of the recommendation for denial of defendant's motion to dismiss, and in the interests of justice, the magistrate judge herein Orders that defendant Anthony Battaglia shall have until November 10, 2012, to serve and file an answer to the complaint. The court will defer recommendation on the plaintiff's motion for judgment on the pleadings, or consideration of whether the motion should be construed otherwise, such as one for default judgment or summary

judgment, pending submission of the anticipated answer, and if appropriate, further written argument from the parties.

## RECOMMENDATION

Based upon the foregoing discussion and conclusions, the magistrate judge **recommends** that defendant Anthony Battaglia's Motion to Dismiss [Docket No. 3] be **denied**. Plaintiff's Motion for Judgment on the Pleadings [Docket No. 8] remains **under advisement**.

Based upon the foregoing discussion and recommendation, the magistrate judge makes the following:

## ORDER

Defendant shall file an answer to the complaint in this matter on or before **November 10, 2012**. Plaintiff shall thereafter have until **November 17, 2012**, to advise the court as to its position on the answer with respect to the pending motion for judgment on the pleadings.


Dated:   October 22, 2012

                                                        s/ Arthur J. Boylan
                                                        Arthur J. Boylan
                                                        United States Chief Magistrate Judge


Pursuant to Local Rule 72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court, and by serving upon all parties, written objections which specifically identify the portions of the Report to which objections are made and the bases for each objection. This Report and Recommendation does not constitute an order or judgment from the District Court and it is therefore not directly appealable to the Circuit Court of Appeals. Written objections must be filed with the Court before November 5, 2012.

Unless the parties stipulate that the District Court is not required by 28 U.S.C. § 636 to review a transcript of the hearing in order to resolve all objections made to this Report and Recommendation, the party making the objections shall timely order and file a complete transcript of the hearing within ten days of receipt of the Report.