UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

HICA Education Loan Corporation,　　　　　　　　　　　　Civil No. 12-1515 DWF/AJB

　　　　　　　　　　Plaintiff,　　　　　　　　**REPORT AND RECOMMENDATION
v.　　　　　　　　　　　　　　　　　　　　　　ON PLAINTIFF'S MOTION FOR
　　　　　　　　　　　　　　　　　　　　　　　JUDGMENT ON THE PLEADINGS**

Anthony Battaglia,

　　　　　　　　　　Defendant.

　　　　Ronald E. Seanor, Esq., on behalf of plaintiff HICA Education Loan Corporation;

　　　　Anthony Battaglia, pro se defendant.[1]

　　　　This matter is before the court, Chief Magistrate Judge Arthur J. Boylan, on plaintiff HICA Education Loan Corporation's ("HICA") Motion for Judgment on the Pleadings under Rule 12(c) [Docket No. 8]. Hearing on the motion was held on October 17, 2012, at the United States Courthouse, 316 No. Robert Street, St. Paul, Minnesota 55101. The case has been referred to the magistrate judge for report and recommendation under 28 U.S.C. §636(b)(1). The court previously issued a Report and Recommendation dated October 22, 2012, therein recommending that a motion to dismiss by the defendant be denied,[2] and reserving the plaintiff's motion for judgment on the pleadings for later determination in light of actions that might be taken by the defendant in regards to filing an answer to the complaint.

---

　　　　[1] An answer to the complaint in this matter was signed and filed by Paul C. Peterson, Esq., on December 26, 2012. Mr. Peterson assumed representation for the defendant subsequent to the hearing on the motion for judgment on the pleadings.

　　　　[2] The Report and Recommendation that the defendant's motion to dismiss be denied was adopted by the district court pursuant to Order dated November 15, 2012, and the motion was thereby denied.

**Background**

This action was commenced pursuant to a complaint filed on June 25, 2012, in which plaintiff HICA seeks recovery on a student loan. Defendant Anthony Battaglia initially attempted to defend the claim by merely responding to the complaint with the assertion that he was seeking consolidation of two student loans and this case should therefore be dismissed.[3] The magistrate judge recommended that the motion to dismiss be denied and contemporaneously ordered that the defendant file an answer to the complaint on or before November 10, 2012. On November 9, 2012, the court issued a letter to defendant Battaglia indicating that he would be permitted to participate in the FBA *pro se* attorney referral program and providing him with contact information. Meanwhile, on November 15, 2012, the plaintiff sent a letter to the court, as directed in the October 22, 2012, Order, therein stating its position as to the pending motion, asserting that the defendant had not served a proper and sufficient answer to the complaint, and renewing the motion for judgment on the pleadings. Thereafter, on December 26, 2012, defendant Battalia filed an answer to the complaint, through counsel, in which he denies specified allegations and puts forth affirmative defenses.

**Discussion**

In its initial motion for judgment on the pleadings plaintiff HICA argued that judgment was appropriate based upon defendant's failure to submit a responsive pleading which established the existence of any genuine issue of material fact as to: (1) defendant's execution of the underlying student loan note, (2) plaintiff's status as the holder of the note, (3) defendant's default under terms of the note, and (3) the amount due under the note. In its letter to the court

---

[3] Motion to Dismiss [Docket No. 3].

dated November 15, 2012, HICA again asserted defendant's failure to submit a proper answer and his failure to deny allegations in the complaint.[4]

In its prior report and recommendation the court acknowledged serious deficiencies in the defendant's pleading, but concluded that he should be permitted to serve and file a proper answer to the complaint in the interests of justice. The court further deferred determination on the motion pending submission of an answer to be served and filed by the designated date. Although defendant Battaglia failed to file such a pleading in a timely fashion, he was not referred to the FBA *pro se* attorney project until November 9, 2012, the day before the answer was due. Furthermore, as indicated in plaintiff's November 15, 2012, letter to the court, defendant had sent an letter of explanation to the plaintiff and was not wholly ignoring the law suit or the court's directions. However inadequate the defendant's previous *pro se* efforts may have been, he has now obtained the assistance of counsel and an answer has been served and filed that appears, at least on its face, to be sufficient to preclude judgment on the pleadings on grounds that have been previously asserted. Under these circumstances, the court concludes that the interests of justice would best be served by denying plaintiff's motion for judgment on the pleading and allowing this case to proceed.

## RECOMMENDATION

Based upon the foregoing discussion and conclusions, the magistrate judge **recommends** that plaintiff HICA's Motion for Judgment on the Pleadings under Rule 12(c) [Docket No. 8] be **denied**.

---

[4] Plaintiff's letter references an explanatory letter dated November 6, 2012, that was received from the plaintiff. That letter has not been filed and is not in the court record in this matter.

Dated:  January 7, 2013

                                             s/Arthur J. Boylan
                                             Arthur J. Boylan
                                             United States Chief Magistrate Judge

        Pursuant to Local Rule 72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court, and by serving upon all parties, written objections which specifically identify the portions of the Report to which objections are made and the bases for each objection. This Report and Recommendation does not constitute an order or judgment from the District Court and it is therefore not directly appealable to the Circuit Court of Appeals. Written objections must be filed with the Court before January 22, 2013.

        Unless the parties stipulate that the District Court is not required by 28 U.S.C. § 636 to review a transcript of the hearing in order to resolve all objections made to this Report and Recommendation, the party making the objections shall timely order and file a complete transcript of the hearing within ten days of receipt of the Report.